**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-12317
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BAMIDELE OLUDAYO OMOTOSHO,
    a.k.a. Tesho,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00339-WFJ-CPT-1

_____
_____

No. 24-12320
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                    Opinion of the Court                    24-12317

*versus*

BAMIDELE OLUDAYO OMOTOSHO,
  a.k.a. barrelman,
  a.k.a. thomasspencer,

                                                *Defendant-Appellant.*

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00313-WFJ-AEP-2

————————————

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT,
Circuit Judges.

PER CURIAM:

Patricia Jean Kyle, appointed counsel for Bamidele Omotosho in these direct criminal appeals, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

On April 14, 2025, we received a letter from Omotosho, in which he stated that he had "not received any communication from Ms. Kyle," and requested that we "consider appointing substitute counsel who w[ould] actively communicate with [him]." We construed that letter as a motion for substitution of counsel. On June 6, 2025, Omotosho sent a second letter, in which he clarified that he was "not seeking new counsel" and stated that he had

"yet to receive any updates from th[is] Court or [his] appointed attorney." In the light of his June 6 letter, Omotosho's construed motion for substitution of counsel is **DENIED AS MOOT**.

On September 5, 2025, we issued an order notifying Omotosho that his attorney had moved to withdraw and that we were holding that motion in abeyance based on the record of difficulties regarding his receipt of documents from this Court and from counsel. We ordered Omotosho to notify us of his current address within 30 days. To ensure notice, we directed the Clerk to serve a copy of the order on him at six physical addresses—including the return address he provided in his earlier correspondence—as well as through our electronic filing system. Each mailing included Omotosho's register number assigned by the Bureau of Prisons. After the Clerk served the order, Omotosho failed to respond.

We have conducted an independent review of the entire record. Our review confirms that counsel's assessment of the relative merit of the appeal is correct. Because our examination reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED**, and Omotosho's convictions and sentences are **AFFIRMED**.